UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SEAN C., <br><br>         Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>         Defendant. | Case No. 22-cv-12521 <br><br> Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 13, 15)**

## I.    Introduction

Plaintiff Sean C. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 11; ECF No. 13; ECF No. 15. After review of the record, the Court **ORDERS** that:

- Plaintiff's motion (ECF No. 13) is **DENIED**;

- the Commissioner's motion (ECF No. 15) is **GRANTED**; and

- the ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

II.  **Background**

### A. Plaintiff's Background and Disability Application

Born in May 1973, plaintiff was 47 years old when he applied for DIB in October 2020, with an alleged disability onset date of August 28, 2020. ECF No. 9, PageID.46, 54.  He had past relevant work as an electrician and industrial maintenance technician. *Id.*, PageID.54.  Plaintiff claimed disability from back impairments, severe pain, neuropathy, heart failure, liver failure, and nerve damage. *Id.*, PageID.92.

After a hearing, during which plaintiff and a vocational expert (VE) testified, the ALJ found plaintiff not disabled.  *Id.*, PageID.46, 55.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  *Id.*, PageID.29.  Plaintiff timely filed for judicial review.  ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

3

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, she found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 28, 2020. ECF No. 9, PageID.48. At the second step, she found that plaintiff had the severe impairments of degenerative disc disease of the lumbar spine with right lower extremity paracentesis, status-post lumbar laminectomy and decompression at the L4-L5 level; acquired central spinal stenosis at C3-C4, secondary to disc osteophyte complexes and uncinate process hypertrophy; acute bilateral foot neuropathy; and depression. *Id.* Next, the ALJ concluded that none of plaintiff's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.49-50.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform a reduced range of sedentary work,[2] except that he:

> can occasionally climb stairs or ramps, but never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and

---

[2] Sedentary work involves lifting or carrying no more than ten pounds at a time; occasionally lifting or carrying articles like docket files, ledgers, and small tools; standing or walking for two hours out of an eight-hour workday; and sitting for six hours out of an eight-hour workday. 20 C.F.R. § 404.1567(a); Social Security Regulation (SSR) 83-10.

    crawl; must avoid hazards such as excessive vibration, vibrating surfaces or tools, dangerous machinery, unprotected heights, and uneven terrain; and can engage in simple, routine work that can be mastered within 30 days or by short demonstration.

*Id.*, PageID.50. At step four, the ALJ found that plaintiff cannot perform past relevant work. *Id.* at PageID.54. After considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined at the final step that there were jobs in significant numbers that plaintiff could perform, including positions as an audit clerk, charge account clerk, and parts inspector. *Id.* at PageID.55.

### III. Analysis

#### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[3] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

    Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more

---

[3] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ improperly evaluated his subjective symptoms of pain. ECF No. 13, PageID.950-958. The Court disagrees and affirms the ALJ's decision.

**B.**

Plaintiff challenges the ALJ's evaluation of his subjective symptoms. The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms. First, the ALJ evaluates whether objective medical

6

evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(a); Social Security Ruling (SSR) 16-3p. If so, the ALJ assesses any work-related limitations by determining the intensity, persistence, and limiting effects of these symptoms. 20 C.F.R. § 404.1529(a); SSR 16-3p. In sum, ALJs assess whether the symptoms claimed are "consistent with the objective medical and other evidence in the individual's record." SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions. 20 C.F.R. § 404.1529(a). Although a plaintiff's description of his symptoms will "not alone establish that [he] is disabled," *id.*, the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence, SSR 16-3p. Without objective evidence, ALJs are to consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain. 20 C.F.R. § 404.1529(c)(3).

7

Plaintiff first argues that the ALJ failed to fully explain her rationale and provided only a "recitation of Agency rules and a summary of Plaintiff's medical history." ECF No. 13, PageID.956-957. That argument lacks merit.

The ALJ accurately summarized plaintiff's reported symptoms and concluded that the alleged "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." ECF No. 9, PageID.51. She noted plaintiff's back problems and pain in his feet but found that the case did not "involve complicated issues, and there is nothing to indicate [plaintiff] is unable to perform work as described in the [RFC]." *Id.*[4] The ALJ then discussed plaintiff's medical history, including his spinal MRIs; spinal surgery; and examinations revealing pain, tenderness, and limited range of motion. *Id.*, PageID.51-52. Despite those limitations, the ALJ observed that other records reflected normal findings. *Id.*, PageID.52. And while plaintiff had spinal surgery in November 2021, no records suggested that the surgery

---

[4] Plaintiff argues that a claimant need not suffer from a complex medical issue to be eligible for benefits. ECF No. 13, PageID.950. But that is not what the ALJ said. Plaintiff's argument takes this isolated statement out of context and disregards the rest of the ALJ's analysis.

8

was unsuccessful. *Id.* Last, the ALJ discussed medical opinions finding that plaintiff could perform sedentary work. *Id.*

Plaintiff insists that the objective medical records support his alleged limitations and that the ALJ "cherry-picked" medical records with normal findings. ECF No. 13, PageID.955-958. He points to records documenting his complaints of pain in his right buttock and leg, a spinal MRI, and medical opinions from Jose Mari G. Jurado, M.D., and Frances Stockard, M.D. *Id.* (citing ECF No. 9, PageID.98-101, 561-564, 709, 788, 791).

The ALJ considered those records. She discussed the degenerative changes to plaintiff's spine and his neuropathy with paresthesia and lumbar radiculopathy. ECF No. 9, PageID.51-52. But the ALJ correctly observed that plaintiff often had a normal gait and station, no weakness in his extremities, and normal motor strength and tone. *Id.*, PageID.52 (citing ECF No. 9, PageID.665, 772). Many other records also support this observation. *See, e.g.*, *id.*, PageID.661, 669, 672-673, 679, 708-709, 715, 722, 726-727, 733, 738, 743, 746, 752-753, 823, 830-831.

The ALJ also accurately discussed Dr. Jurado's and Dr. Stockard's opinions. *Id.*, PageID.52. Dr. Jurado found that plaintiff had occasional limitations with pushing, pulling, lifting, carrying, and reaching; occasional to frequent limitations with balancing, standing, squatting, and bending; a

9

positive straight leg raise test; and an antalgic gait. *Id.*, PageID.52, 563. Yet Dr. Jurado concluded that plaintiff could perform sedentary work. *Id.* Dr. Stockard also noted plaintiff's foot pain with radiculopathy and an unsteady gait but concluded that he could perform sedentary work with postural and environmental limitations like those included in the RFC. *Id.*, PageID.99-101.

Thus, the ALJ did not cherry-pick the evidence. Plaintiff's reliance on the cited medical records is unavailing because he has not shown that the ALJ's rationale was flawed; instead, he asks the Court to impermissibly reweigh the evidence. *See DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (arguing that the ALJ "cherry-picked" the record "is seldom successful because crediting it would require a court to re-weigh record evidence"); *Grant v. Comm'r of Soc. Sec.*, No. 22-cv-11211, 2023 WL 2396920, at *4 (E.D. Mich. Feb 13, 2023), *adopted*, 2023 WL 2393642 (E.D. Mich. Mar. 7, 2023) (when the plaintiff failed to show that the ALJ's analysis was flawed or unsupported, he "essentially asks the Court to reweigh the evidence considered by the ALJ, which is not permitted").

Plaintiff also contends that the ALJ failed to address his inability to sit for prolonged periods due to his right buttock pain. ECF No. 13, PageID.954-955. Not so. The ALJ discussed plaintiff's allegation that he

10

"could not be on his feet or sit for long periods." ECF No. 9, PageID.51. But she also noted plaintiff's testimony that he "sits on his side in a recliner most of each day." *Id.*, PageID.51, 75-76. The ALJ did not err in concluding that plaintiff's claimed inability to sit conflicted with his daily activities. *See* SSR 16-3p (ALJs will evaluate whether a claimant's reported symptoms are consistent with "other evidence," including daily activities). Plaintiff points out that he also testified that he would "get up and do laps around the house for exercise," but as the ALJ noted, that claim conflicted with his testimony that he could not be on his feet. ECF No. 9, PageID.51, 75-76.

Plaintiff also claims that the ALJ erred by relying only on objective evidence and ignoring plaintiff's daily activities and medication side effects. ECF No. 13, PageID.951-954. The Court disagrees. The ALJ observed that plaintiff was "independent with activities of daily living" and discussed his reported activities of sitting in his recliner, walking around his house, and driving himself to doctor appointments. ECF No. 9, PageID.50-51. Substantial evidence supports these findings. Plaintiff told the consulting psychologist that he "can manage most [activities of daily living] independently" but that he sometimes needs help getting dressed. *Id.*, PageID.556, 822. Plaintiff said that he has trouble with household chores,

11

but he also reported that he washes dishes, prepares simple meals, dusts, and vacuums. *Id.*, PageID.78-79, 248, 556.

ALJs must consider the side effects of a claimant's medications. 20 C.F.R. § 404.1529(c)(3). The ALJ asked plaintiff about side effects during the hearing and noted in the decision that he took Oxycodone and Amitriptyline after his November 2021 surgery, which caused tiredness and lethargy. ECF No. 9, PageID.51, 77-78. But plaintiff cites no medical records showing that his medications caused significant side effects. "Where, as here, a claimant testifies that [he] experiences medication side effects, but the medical records make no indication that [he] reported medication side effects to [his] physicians, an ALJ does not err in finding that the claimant suffered no adverse side effects from [his] medications." *Nyhus-Dell v. Comm'r of Soc. Sec.*, No. 18-CV-10132, 2019 WL 2051895, at *4 (E.D. Mich. Feb. 5, 2019), *adopted*, 2019 WL 1349617 (E.D. Mich. Mar. 26, 2019); *see also Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665-666 (6th Cir. 2004).

Thus, the ALJ considered not only the objective evidence but also plaintiff's daily activities and medication side effects. And if plaintiff contends that the ALJ ignored other evidence outlined in 20 C.F.R.

§ 404.1529(c)(3), "not all of the types of [that] evidence will be available or relevant in every case."  SSR 16-3p (cleaned up).

## IV. Conclusion

The Court **RECOMMENDS** that plaintiff's motion for summary judgment (ECF No. 13) be **DENIED**, the Commissioner's motion for summary judgment (ECF No. 15) be **GRANTED**, and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 29, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2023.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
